UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEANNE RENEE SHEA,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>      Defendant. | NO: 13-CV-5014-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14 and 17). Plaintiff is represented by Randy J. Fair. Defendant is represented by Lisa Goldoftas. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

1   court "may not reverse an ALJ's decision on account of an error that is harmless."

2   *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

3   ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

4   The party appealing the ALJ's decision generally bears the burden of establishing

5   that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

6               FIVE-STEP SEQUENTIAL EVALUATION PROCESS

7         A claimant must satisfy two conditions to be considered "disabled" within

8   the meaning of the Social Security Act.  First, the claimant must be "unable to

9   engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

13   "of such severity that he is not only unable to do his previous work[,] but cannot,

14   considering his age, education, and work experience, engage in any other kind of

15   substantial gainful work which exists in the national economy." 42 U.S.C. §

16   1382c(a)(3)(B).

17         The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

19   404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

20   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(b); 416.920(b).

4          If the claimant is not engaged in substantial gainful activities, the analysis

5    proceeds to step two.  At this step, the Commissioner considers the severity of the

6    claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7    claimant suffers from "any impairment or combination of impairments which

8    significantly limits [his or her] physical or mental ability to do basic work

9    activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10    416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11    however, the Commissioner must find that the claimant is not disabled.  *Id.*

12          At step three, the Commissioner compares the claimant's impairment to

13    several impairments recognized by the Commissioner to be so severe as to

14    preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

15    404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

16    severe than one of the enumerated impairments, the Commissioner must find the

17    claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

18          If the severity of the claimant's impairment does meet or exceed the severity

19    of the enumerated impairments, the Commissioner must pause to assess the

20    claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    defined generally as the claimant's ability to perform physical and mental work

2    activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3    404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4    analysis.

5        At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8    416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10   404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11   analysis proceeds to step five.

12       At step five, the Commissioner considers whether, in view of the claimant's

13   RFC, the claimant is capable of performing other work in the national economy.

14   20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15   the Commissioner must also consider vocational factors such as the claimant's age,

16   education and work experience.  *Id.*  If the claimant is capable of adjusting to other

17   work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

18   404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

19   work, the analysis concludes with a finding that the claimant is disabled and is

20   therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3    the analysis proceeds to step five, the burden shifts to the Commissioner to

4    establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R. §§

6    404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                                        ALJ'S FINDINGS

8          Plaintiff filed applications for disability insurance benefits and supplemental

9    security income disability benefits on January 24, 2011.  Tr. 214-226.  The claims

10   were denied initially, and upon reconsideration, and Plaintiff requested a hearing.

11   Tr. 143-149; 151-154; 157-158.  A hearing was held before an Administrative Law

12   Judge on September 14, 2012.  Tr. 45-79.  The ALJ issued a decision denying

13   Plaintiff benefits on September 28, 2012.  Tr. 12-28.

14         The ALJ found that Plaintiff met the insured status requirements of Title II

15   of the Social Security Act through December 28, 2008.  Tr. 14.  At step one, the

16   ALJ found that Plaintiff had not engaged in substantial gainful activity since

17   December 1, 2008, the alleged onset date.  Tr. 14.  At step two, the ALJ found that

18   Plaintiff had severe impairments of degenerative disk disease, anxiety, and

19   personality disorder.  Tr. 15.  At step three, the ALJ found that Plaintiff's severe

20

impairments did not meet or medically equal a listed impairment.  Tr. 22.  The ALJ

then determined that Plaintiff had the residual capacity to do the following:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She
> can occasionally climb ramps or stairs, but should avoid climbing ladders,
> ropes, or scaffolds. She can occasionally engage in stopping, crawling,
> crouching, and kneeling. She should avoid hazardous machinery or
> equipment and unprotected heights. She should avoid extreme temperatures
> and vibration. She is capable of no more than superficial contact (i.e., no
> collaborative contact) with coworkers and the general public.

Tr. 23.  At step four, the ALJ found that Plaintiff was unable to perform any past

relevant work.  Tr. 26.  At step five, the ALJ found that based on Plaintiff's age,

education, work experience, and residual functional capacity, there are jobs that

exist in significant numbers in the national economy that the Plaintiff can perform,

including the representative occupations of laundry worker and

housekeeper/cleaner.  Tr. 27.  In light of the finding at step five, the Appeals

Council denied Plaintiff's request for review on September 28, 2012, making the

ALJ's decision the Commissioner's final decision for purposes of judicial review.

Tr. 1-5; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises four issues for review:

1.  Whether the ALJ improperly rejected Plaintiff's bipolar disorder at step
    two of the evaluation process.

2.  Whether the ALJ conducted a proper step three analysis, rejecting that Plaintiff's impairments meet or equal a listed impairment.

3.  Whether the ALJ properly reject the opinions of examining and treating sources; and

4.  Whether the ALJ failed to account for all of Plaintiff's limitations in fashioning the RFC at step five.

DISCUSSION

**A. Rejection of Examining and Treating Sources.**

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss,* 427 F.3d at 1216 (*citing Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)). An ALJ may

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1  also reject a treating physician's opinion which is "based to a large extent on a

2  claimant's self-reports that have been properly discounted as incredible."

3  *Tommasetti v. Astrue,* 553 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and

4  citation omitted).

5       **1.  Rejection of Dr. Schilbach's Opinion.**

6       Plaintiff contends that ALJ failed to properly reject the opinion of Dr.

7  Christhart Schilbach, M.D., who diagnosed Plaintiff with bipolar disorder.  ECF

8  No. 14 at 16.  Specifically, Plaintiff alleges that the ALJ improperly "rejected"

9  evidence that Plaintiff suffered from bipolar disorder and that it caused her

10  significant limitations at step two.  ECF No. 14 at 14.  In addition, Plaintiff argues

11  that the ALJ erred in rejecting Dr. Schilbach's opinion that Plaintiff's mental

12  impairments met or equaled Listings 12.04 and 12.06 at step three.  ECF No. 14 at

13  15.  Finally, Plaintiff contends that the ALJ failed to include the limitations

14  stemming from her bipolar disorder in the RFC at step five.  ECF No. 18 at 3.

15       After noting that Dr. Schilbach's opinions concerning Plaintiffs' mental

16  impairments were contradicted by the opinions of Dr. Orr and Dr. Moon, *see* Tr.

17  25-26, the ALJ observed:

18      Dr. Schilbach opined at Exhibits 31F and 32F that the claimant had listings
19      level affective disorder and anxiety. This opinion is given no weight. The
       record does not reflect the amount of limitation Dr. Schilbach discusses.
       Indeed treatment records at 30F appear to deal primarily with the claimant's
20      housing issues and required documentation. A notation in June 2012 reflects

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1

2

3

4

5

     Dr. Schilbach's opinion that the claimant suffered from "polysubstance, especially dextromethorphan-related mental health disorders including hallucinosis, mood, and anxiety symptoms," confusing the diagnostic picture further. In any event, the claimant is able to take care of her son and granddaughter and has a full range of daily activities, as discussed above. Mental status examinations fail to show any memory impairment and at the hearing, the claimant was very well spoken and coherent, although she did seem a bit impatient at times. One wonders if the listings level opinion was given by a doctor who wished to be as supportive as possible of his patient.

6

 Tr. 26.

7

     The Court finds that the ALJ's rejection of Dr. Schilbach's opinion was

8

grounded in specific and legitimate reasons supported by substantial evidence.

9

The ALJ correctly determined that Dr. Schilbach's diagnosis of bipolar disorder

10

was contradicted by other evidence in the record. Tr. 22. Other examining sources

11

either did not diagnose Plaintiff with the disorder, or listed it as a disorder to be

12

ruled out. Tr. 539; 548; 660. Dr. Moon noted Plaintiff had a diagnosis of bipolar

13

disorder by history, but did not diagnose it. Tr. 660. In any event, even Dr.

14

Schilbach's records do not show that his June 18, 2012, diagnosis was the reason

15

for his opinion that Plaintiff met two listings. *See* Tr. 910-11 ("Diagnoses:

16

Bipolar disorder most recent episode manic, mild. . . .This was an extensive review

17

of the patient's chart assessing her need for housing through our [Catholic Family

18

and Child Service] disability program. . . .Based on the above evaluations, the

19

Bipolar disorder is substantiated.").

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

On September 6, 2012, Dr. Schilbach completed two listing of impairment worksheets. Tr. 973-979. Dr. Schilbach opined that Plaintiff's anxiety-related disorders (listing 12.06) resulted in "marked restrictions of activities of daily living", "marked difficulties in maintaining social functioning", and "marked difficulties in maintaining concentration, persistence, or pace". Tr. 975 (but not "repeated episodes of decompensation, each of extended duration"). On the other hand, Dr. Schilbach opined that Plaintiff's affective disorders (listing 12.04) resulted in "marked difficulties in maintaining social functioning", "marked difficulties in maintaining concentration, persistence, or pace", and "repeated episodes of decompensation, each of extended duration". Tr. 978 (but no "marked restriction of activities of daily living").

The ALJ observed, however, that Plaintiff could perform her daily activities with no restrictions. Tr. 22, 24 25. Plaintiff testified she could perform daily tasks, despite feelings of discomfort, which was supported by the opinions of several examining sources. Tr. 473; 537-538; 662. The evidence in the record and Plaintiff's testimony show that Plaintiff had a history of being able to work (albeit, not substantial gainful employment), despite her alleged impairments. Tr. 14; 23; 304; 314; 319; 473; 589. Dr. Moon and Dr. Chau's opinions support Plaintiff's ability to work. Specifically, Dr. Moon opined that symptoms of Plaintiff's mood disorder did not appear to interfere with her ability to work in the past. Tr. 26;

663.  In addition, Dr. Chau observed that Plaintiff had the capacity to perform light work. Tr. 25; 647-648.

Moreover, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her mental impairments were not credible, as they were both inconsistent, and contradicted by objective evidence in the record. Tr. 24-25.  Plaintiff has not challenged this adverse credibility finding on appeal.

Substantial evidence supports the ALJ's findings.  There is contradictory evidence in the record, discounted self-reports, as well as unsupported conclusions. Accordingly, the court finds that the ALJ did not err in declining to find bipolar disorder as a severe impairment at step two, concluding that Plaintiff's mental impairments did not meet or equal a Listing at step three, and omitting any additional limitations related to Plaintiff's alleged bipolar disorder from the RFC at step five.

### 2.  Rejection of Dr. Chau's Second Opinion: Back Impairments.

Plaintiff claims that the ALJ rejected the opinion of Dr. Wing Chau, M.D., who provided two differing opinions concerning Plaintiffs' ability to work. ECF No. 14 at 20; Tr. 25.

The ALJ discussed the two opinions, and observed that the first opinion indicated Plaintiff could perform light work, while the second opinion

recommended that Plaintiff could only perform sedentary work. Tr. 25; 647-649; 658-659. The ALJ made the following findings:

> Dr. Chau has made two differing opinions in this record. In May 2011 at 20F, he opined she was capable of light work up to 40 hours per week and should avoid twisting and bending. However, in September 2011 at 22F, he opined she could perform only sedentary work up to 30 hours a week, avoiding bending, twisting, or a stressful environment. In comparing these two opinions, the undersigned notes no interval records that suggest that claimant had any objective worsening in her condition, as she was seen primarily for medication refills (28F) and repeat lumbar MRI in October 2011 was reported to be "fairly similar to previous two studies" (14F). It appears that Dr. Chau based the second opinion on the claimant's statements, rather than on objective evidence, and therefore, this opinion is given no weight, while the earlier opinion is given great weight as coming from a treating physician and well supported by the longitudinal record.

Tr. 25-26.

An ALJ may reject the opinion of a treating physician by providing clear and convincing reasons, supported by substantial evidence. *Bayliss*, 427 F.3d at 1216. In addition, an ALJ may also reject a treating physician's opinion which is based largely on a claimant's self-reports, which have been discounted as incredible. *Tommasetti*, 553 F.3d at 1041.

The Court finds that the ALJ provided clear and convincing reasons supported by substantial evidence to discount Dr. Chau's second opinion. The ALJ recognized that there was no objective worsening in Plaintiff's degenerative disk condition. The ALJ's finding is well supported by Dr. Chau's own medical opinion, since he personally reviewed all three of Plaintiff's MRI studies, and

concluded that the 2011 MRI was "fairly similar to previous two studies."  Tr. 25-26; 322; 559-560; 561; 563-564; 748.  Indeed, Dr. Chau noted that the "patient was in no distress. . . there was no pain behavior."  Tr. 748.  In addition, the ALJ found that Dr. Chau's second opinion relied predominantly on Plaintiff's own statements. As discussed above, the Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were discounted for lack of credibility.  Tr. 24-25.  Plaintiff's credibility finding has not been challenged.

Therefore, the Court finds substantial evidence in the record supports the ALJ's decision to discount Dr. Chau's second opinion which sought to restrict Plaintiff to sedentary work only.

### 3.  Rejection of Ms. Saunders' and Ms. Adi's Opinions: Other Sources.

Plaintiff alleges that the ALJ erred in rejecting the assessments of Ms. Sindi Saunders, M.Ed., and Ms. Nadima Adi, PA-C, by failing to provide specific reasons for rejecting their opinions.  ECF No. 14 at 22; Tr. 650-657; 753.

The ALJ reviewed the Adult Intake Assessment completed by Ms. Saunders for Plaintiff in June of 2011.  Tr. 18-19; 650-657.  In addition, the ALJ considered the medical records of Dr. James Leedy, which included the medical assessment of Ms. Adi from February 2012.  Tr. 19-20, 753.  Both Ms. Saunders and Ms. Adi diagnosed Plaintiff with bipolar disorder.  Tr. 653, 753.

1    To reject testimony of medically acceptable treating sources, an ALJ must

2    provide specific, legitimate reasons based on substantial evidence. *Molina v.*

3    *Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  However, only licensed physicians

4    and other qualified specialists are considered "acceptable medical sources." *Id.*; 20

5    C.F.R. § 404.1513(d).  A licensed mental health counselor and a physician's

6    assistant are considered "other sources" whose opinions are not given the same

7    weight as acceptable medical sources.  *See id.*

8    As discussed above, Dr. Schilbach's opinion that Plaintiff was suffering

9    from bipolar disorder was properly rejected. The ALJ's grounds for rejecting Dr.

10   Schilbach's opinion apply with equal force to Ms. Saunders' and Ms. Adi's

11   opinions.  Thus, no error has been shown.

12   **B. Limitations included in the RFC: Step Five Challenge.**

13   Plaintiff contends that the ALJ's RFC and hypothetical did not account for

14   Plaintiff's marked limitations, bipolar disorder and resulting manic symptoms.

15   ECF No. 14 at 23. For the reasons provided above, substantial evidence in the

16   record supports the ALJ's determination of Plaintiff's RFC.

17   Accordingly, Defendant's Motion for Summary Judgment will be granted.

18   ///

19   ///

20   ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

**IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment (ECF No 14) is

    **GRANTED**.

2.  Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** November 27, 2013.



THOMAS O. RICE
United States District Judge